IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RODOLFO TURRUBIARTES-HERNANDEZ | § § | |
| VS. | § § | NO. 3:09-CV-1962-P<br>NO. 3:08-CR-0066-P |
| UNITED STATES OF AMERICA | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

### I. Procedural background

On April 9, 2008, Petitioner pled guilty, without a plea agreement, to one count of illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). On July 2, 2008, he was sentenced to 46 months imprisonment and three years supervised release. On March 13, 2009, the Fifth Circuit Court of Appeals dismissed Petitioner's direct appeal as frivolous.

On October 14, 2009, Petitioner filed the instant § 2255 petition. He argues he received ineffective assistance of counsel when:

(1) Counsel failed to request a "fast track" sentence reduction;

(2) Counsel failed to request a written agreement that Petitioner should be sentenced to a below-the-guidelines sentence;

(3) Counsel failed to argue that the 16 level enhancement was (a) excessive because it was based on a prior conviction that did not reflect a level of dangerousness to justify such a dramatic increase; and (b) inappropriate because it was enacted by

the Sentencing Commission without an appropriate study;

(4) Counsel failed to argue he was entitled to a reduced sentence because Petitioner returned to the United States to be with his family and help them with financial difficulties; and

(5) Counsel failed to object that the Court considered the Sentencing Guidelines as mandatory.

On December 11, 2009, Respondent filed its answer. On January 4, 2010, Petitioner filed a reply. For the foregoing reasons, the Court DENIES the petition.

## II. Discussion

### Ineffective Assistant of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A. Fast Track Reduction

Petitioner argues his counsel was ineffective because counsel failed to request a "fast track" sentence reduction. Section 5K3.1 of the Sentencing Guidelines refers to fast track cases. It states:

> Upon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.

USSG § 5K3.1.

The Northern District of Texas does not have a fast track program under USSG § 5K3.1. Counsel was not required to file frivolous motions. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995). Petitioner's claim is hereby DENIED.

Petitioner also argues his counsel failed to argue that the existence of some jurisdictions with fast track programs and other jurisdictions without fast track programs creates sentencing disparities. He states his counsel failed to cite this disparity as a mitigating circumstance warranting a downward departure. The Fifth Circuit has determined, however, that "any disparity between fast-track and non-fast-track jurisdiction is a function of Congressional policy and thus is not unwarranted under § 3553(a)(6)." *United States v. Lopez-Velasquez*, 526 F.3d 804, 808 (5th Cir. 2008) citing *United States v. Gomez-Herrera*, 523 F.3d 554, 559-62, 2008 WL 88609, *4-6 (5th Cir. 2008). Petitioner's claim is therefore DENIED.

### B. Plea Agreement

Petitioner argues his counsel was ineffective because counsel failed to request a written

Page 3

plea agreement that included a recommendation from the government that he be sentenced below the Guideline range because his criminal history score overstated his criminal history and overstated his crime of conviction. Petitioner, however, has submitted no evidence that the government would have agreed to a sentence reduction on this basis. Petitioner's claims is conclusory and is hereby DENIED. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

### C. Sixteen Level Enhancement

Petitioner argues his counsel was ineffective because counsel failed to argue the sixteen level enhancement was improper because it was enacted by the Sentencing Commission without an appropriate study. He claims the Sentencing Commission did not determine whether the enhancement was "necessary or desirable from any penal theory." (Pet. Mem. at 12). Petitioner has failed to show his counsel was deficient for failing to raise this claim. He has failed to show that but for counsel raising this claim, there is a reasonable probability that the result of the sentencing hearing would have been different. This claim is DENIED.

Petitioner also argues his counsel was ineffective because counsel failed to argue the sixteen level enhancement was excessive because it was based on a prior conviction that did not reflect a level of dangerousness that could justify such a large increase. Petitioner received a sixteen level enhancement under USSG § 2L1.2(b)(1)(A)(i) because he had previously been convicted and subsequently deported for a federal drug trafficking offense. (PSR ¶ 14). Petitioner's Guideline range was 46-57 months imprisonment. He was sentenced to 46 months imprisonment, the lowest end of the Guideline range. The Court specifically found the Guideline

range to be reasonable in this case. (Sent. Tran. at 8.) The Fifth Circuit has determined it is appropriate for the district court to refer to the applicable Guideline range when determining sentence. *See United States v. King*, 541 F.3d 1143, 1145 (5th Cir. 2008) Counsel has failed to show his counsel was ineffective for failing to object to this enhancement or sentence.

### D. Sentence Reduction

Petitioner argues his counsel failed to argue he was entitled to a sentence reduction because: (1) he returned to the United States to help his family with financial problems; (2) he was culturally assimilated into the United States; (3) the Sentencing Guidelines are not mandatory under *United States v. Booker*, 543 U.S. 220 (2005).

Petitioner's counsel, however, did argue that Petitioner returned to the United States to help his family. Defense counsel stated:

> [W]e ask the Court to consider a departure of [Petitioner's] criminal history category to category II based on the fact that all of his points stem from one single offense. . . .
>
> We ask the Court to consider also that the reason he came back to the United States was to support his family, to assist his wife, reunite with his wife and children, and help to support them.

(Sent. Tran. at 5.) Petitioner has failed to show his counsel was ineffective for failing to argue this claim.

Petitioner argues his counsel was ineffective for failing to argue he was culturally assimilated into the United States. The Fifth Circuit has held that a court may consider a defendant's cultural assimilation, but is not required to give it dispositive weight. *Lopez-Velasquez*, 526 F.3d at 807 (citing *Rodriguez v. Montelongo*, 263 F.3d 429, 433 (5th Cir. 2001)).

In this case, defense counsel argued that Petitioner had been a legal permanent resident of

the United States prior to his drug trafficking conviction. (Sent. Tran. at 5.) Counsel also argued that Petitioner's wife and children resided in the United States. *Id.* Petitioner has failed to show his counsel was deficient for failing to argue this claim.

Finally, Petitioner argues his counsel was ineffective for failing to argue that the Sentencing Guidelines are no longer mandatory under *Booker*. The Court's judgment, however, specifically states that the Guidelines are advisory pursuant to *Booker*. This claim is DENIED as frivolous.

### III. Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 30th day of June, 2011.

JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE